FRED E. HARDENBERGH *vs.* ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY COMPANY.

July 8, 1889.

**New Trial—Excessive Damages.**—An order setting aside a verdict, on the ground that the damages are excessive, *held* to be a proper exercise of the discretion of the trial court.

Plaintiff brought this action in the district court for Hennepin county, to recover damages for having been ejected from one of defendant's passenger trains. After the decision of a former appeal, (39 Minn. 3, 38 N. W. Rep. 625, where the case is fully stated in the opinion,) a new trial was had before *Lochren*, J., and plaintiff had a verdict of $800. A new trial was ordered unless plaintiff should remit all of the verdict in excess of $400. The plaintiff appeals from the order.

*Selden Bacon,* for appellant.

*Benton & Roberts,* for respondent.

GILFILLAN, C. J. All of the cases agree that the granting a new trial on the ground that the damages awarded by the jury, in a case where they are unliquidated, are excessive, rests very much in the sound discretion of the trial court, and that its action will not be reversed, unless it is apparent to the appellate court that such discretion has been improperly exercised. It is not apparent in this case that the trial court did not exercise a sound judicial discretion in its order. Indeed, the contrary appears. Even if the case were strictly one in which the jury might have included punitive damages, yet the amount allowed is greatly in excess of what might fairly be regarded as a compensation to plaintiff for the injury done him, added to a reasonable penalty for what appears to have been a mistaken, and not a malicious or wanton, act of the defendant's conductor. We do not feel sure that we would not have regarded it as our duty to set aside the verdict as excessive, had the court below not done so. At any rate, within the rule frequently laid down by this court for reviewing such orders, that appealed from must be affirmed.